UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN PARMELEE,

                Petitioner,

    v.

RON FRAKER,

                Respondent.

CASE NO. C09-5273BHS

ORDER GRANTING
PETITIONER'S MOTION FOR
AN EXTENSION, OVER-
RULING PETITIONER'S
OBJECTIONS, ADOPTING THE
REPORT AND RECOM-
MENDATION, DISMISSING
PETITION, AND DENYING A
CERTIFICATE OF
APPEALABILITY

This matter comes before the Court on the Report and Recommendation of the

Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 21), Petitioner's

motion for an extension (Dkt. 22) and Petitioner's objections to the Report and

Recommendation (Dkt. 23). The Court has considered the pleadings and the remainder of

the file and hereby grants Petitioner's motion for an extension, overrules Petitioner's

objections, and adopts the Report and Recommendation for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Washington Court of Appeals summarized the facts in Petitioner's case as

follows:

> Parmelee was convicted of first degree arson. On July 21, 2007 prison staff
> member Officer Nonamaker filed a serious infraction report alleging that
> Parmelee threatened to burn Officer Nonamaker's house down. If true, this
> conduct would violate WAC 137-25-030(506), which prohibits threatening
> another individual with bodily harm. A hearing officer held a hearing and

found Parmelee guilty. After challenging the finding in an appeal to the superintendent, Parmelee filed this personal restraint petition. Dkt. 19, Exh. 9.

Petitioner filed a personal restraint petition with the Washington Court of Appeals. Dkt. 19, Exh. 4. The court dismissed his petition. *Id*., Exh. 9. Petitioner then moved for discretionary review in the Washington Supreme Court. *Id*., Exh. 10. The court denied review in a ruling by the commissioner. *Id*., Exh. 3.

Petitioner moved to modify the commissioner's ruling. *Id*., Exh. 12. The Washington Supreme Court denied the motion without comment on December 2, 2008. *Id*., Exh. 13. The Washington Court of Appeals issued a certificate of finality on December 31, 2008. *Id*., Exh. 14.

## II. DISCUSSION

As a threshold matter, the Court grants Petitioner's motion to extend the deadline to file his objections. Petitioner's objections are therefore timely and the Court will address the merits of those objections.

A petitioner may file objections to a magistrate judge's findings and recommendations regarding the petition for writ of habeas corpus. Fed. R. Civ. P. 72(b). Once objections are filed, the

> district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. In this case, the Court finds that Petitioner has properly objected to the magistrate judge's disposition. Therefore, the Court will conduct a de novo review of the Report and Recommendation, the petition, and the remainder of the record.

First, Petitioner argues that the magistrate judge failed to address his contention that the state court applied an incorrect standard of review. Dkt. 23 at 1-2. Petitioner's argument is without merit. The magistrate judge correctly concluded that a federal court may intervene in a state judicial proceeding to correct wrongs of a constitutional

dimension. *See* Dkt. 21 at 5 (citing *Engle v. Isaac*, 456 U.S. 107 (1983)). Thus, even if the state court applied the wrong standard of review, the federal court may only correct it if the error was unconstitutional. The Court overrules Petitioner's objection on this issue because the magistrate judge applied the correct standard of review and thoroughly addressed each of Petitioner's claims for relief.

Second, Petitioner argues that the magistrate judge erred by not holding an evidentiary hearing. Dkt. 23 at 3-4. The magistrate judge found that Petitioner had failed to establish that a hearing is necessary under 28 U.S.C. § 2254(e)(1). The Court agrees with the magistrate judge's findings and overrules Petitioner's objection on this issue.

Third, Petitioner argues that the magistrate judge failed to consider the whole record because the Report and Recommendation does not contain a specific cite to his final brief on the merits. Dkt. 23 at 4. The magistrate judge, however, stated that she "carefully considered the parties' filings . . . ." Dkt. 21 at 2. Therefore, the Court overrules Petitioner's objection on this issue because it is without merit.

Fourth, Petitioner argues that the magistrate judge erred by finding that Petitioner's second claim was procedurally barred. Dkt. 23 at 4. To the contrary, the Court finds that the magistrate judge correctly applied the procedural default doctrine to Petitioner's claim. *See* Dkt. 21 at 7-12. Therefore, the Court overrules Petitioner's objection on this issue.

Finally, the remainder of Petitioner's objections are based on various arguments that he was denied constitutional due process in his prison infraction hearing. Dkt. 23 at 5-10. The magistrate judge issued an extremely thorough analysis of Petitioner's due process claims. *See* Dkt. 21 at 12-24. Upon review of the record, the Court finds that Petitioner's objections are without merit. Therefore, the Court overrules Petitioner's objections on these issues.

### III. CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this order, the Court will address whether a Certificate of Appealability is warranted.

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. If the district court correctly invoked a plain procedural bar in dismissing a claim, then a certificate is not warranted for that claim. *Id*.

In this case, Petitioner has failed to make any showing that his constitutional rights have been violated. Petitioner's second claim for relief was denied on procedural grounds because it was based on unsupported allegations. Petitioner's other claims for relief were denied on the merits and the Court finds that reasonable jurists would not debate whether those claims should be resolved in another manner. Therefore, the Court will not issue a Certificate of Appealability in this matter.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that

(1)     The Court **OVERRULES** Petitioner's Objections (Dkt. 23);

(2)     The Court adopts the Report and Recommendation (Dkt. 21);

(3)     This action is **DISMISSED** because Petitioner's claims for relief are denied; and

1    (4)     A Certificate of Appealability is **DENIED**.

2    DATED this 11th day of February, 2010.

3

4                                                        _____
                                                         BENJAMIN H. SETTLE
5                                                        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28